# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**PETER ROLDAN,**

      **Plaintiff,**

-vs-                                         **Case No. 6:06-cv-1097-Orl-28JGG**

**WINDHOVER ASSOCIATION, INC., PAT PEREZ,**

      **Defendants.**

## **ORDER**

This cause came on for consideration without oral argument on the following motion:

> **MOTION:** **RENEWED MOTION FOR EXTENSION OF TIME (Doc. No. 18)**
>
> **FILED:** December 4, 2006
>
> **THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice.

Plaintiff alleges that Defendant Windhover Association, Inc. ["Windhover"] failed to pay him overtime wages in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216(b) ["FLSA"]. Docket No. 1 (complaint). The Scheduling Order requires Windhover to serve on Plaintiff and file with the court a Verified Summary of all hours worked by Plaintiff during each relevant pay period. Docket No. 9 at 1-2. The Scheduling Order also stayed all discovery in this action. *Id.* at 3.

On October 30, 2006, Windhover sought a sixty-day extension of time to file and serve its Verified Summary as required by the Scheduling Order. Docket No. 14. Windhover explained that it had terminated its former manager, Ed Hayden, and that Windhover was having difficulty obtaining

payroll and employment records from Hayden. Docket No. 14 at 2. Windhover further requested leave to depose Hayden. *Id.* at 3. On November 13, 2006, the undersigned granted Windhover's request for leave to depose Hayden, but denied the request for a sixty-day extension. Docket No. 16. The undersigned ordered Windhover to file and serve the Verified Summary, and serve on Plaintiff the records as required by the Scheduling Order on or before December 4, 2006. *Id.*

Windhover has filed a "Renewed Motion for Extension of Time." Docket No. 18. Windhover asserts that it has timely filed the Verified Summary and that it has served Plaintiff with "[c]ertain documents responsive to the documents which must be served upon Plaintiff [sic] . . ." Docket No. 18 at 1-2, ¶¶ 3-4. Windhover further states that it planned to depose Hayden on December 1, 2006, but that Hayden informed counsel that he was unavailable for deposition on that date, and that "further he has no records in his possession." *Id.* at 2, ¶ 6. In the motion, Windhover seeks an additional thirty days "to locate additional documentation which may be available and is being withheld by [Hayden]" and "to locate any documentation which may be responsive to Rule 26 . . ." *Id.* at 3. Plaintiff opposes the motion, and notes that Windhover failed to confer prior to filing its motion pursuant to Local Rule 3.01(g). Docket No. 19.

First, the motion was subject to denial for failure to comply with Local Rule 3.01(g). Second, it is unclear why Windhover seeks an extension of time for Federal Rule of Civil Procedure 26 disclosures. Discovery is stayed, and Windhover had not filed its Verified Summary, despite its statement to the contrary. Further, even assuming Windhover intended to seek an extension of time to comply with the FLSA Scheduling Order, Windhover has not stated good cause for a thirty-day extension. Windhover has not stated how or when it intends to obtain the documents from Hayden.

Accordingly, Windhover's Renewed Motion for Extension of Time [Docket No. 18] is **DENIED** without prejudice. On or before December 22, 2006, Defendant shall file and serve the Verified Summary and serve on Plaintiff the records as required by the Scheduling Order. Failure to comply may result in the imposition of sanctions, including the striking of the answer and the entry of default.

**DONE** and **ORDERED** in Orlando, Florida on December 13, 2006.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties