**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**PETER ROLDAN,**

        **Plaintiff,**

**-vs-**                                                    **Case No. 6:06-cv-1097-Orl-28JGG**

**WINDHOVER ASSOCIATION, INC.,**

        **Defendants.**

## **REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT AGREEMENT (Doc. No. 29)** |
| **FILED:** | February 1, 2007 |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |

**I.     BACKGROUND**

Plaintiff Peter Roldan ["Roldan"] seeks to hold Defendant Windhover Association, Inc. ["Windhover"] liable for allegedly failing to pay him overtime wages in violation of the Fair Labor and Standards Act of 1938, as amended, 29 U.S.C. § 216(b) ("FLSA"). On September 21, 2006, pursuant to the Court's Scheduling Order, Plaintiff provided an accounting of his claim in his answers to the Court's interrogatories. Docket No. 10-2. Plaintiff stated that he worked at an hourly rate of $18 for an average of fourteen overtime hours per week for 130 weeks – a total of 1,820 overtime

hours worked during the relevant time period. *Id.* at 1, ¶ 6. Plaintiff claimed that Defendant owed $49,140 in overtime wages, $49,140 in liquidated damages, and $1,000 in attorney's fees. *Id.* at 1-2, ¶ 6.

On October 30, 2006, Windhover moved for leave to conduct limited discovery. Docket No. 14. Windhover explained that it had terminated its former manager, Ed Hayden, and that Windhover was having difficulty obtaining payroll and employment records from Hayden. Docket No. 14 at 2. As the Court's Scheduling Order required Windhover to produce the records and stayed all other discovery, Windhover requested leave to depose Hayden. *Id.* at 3. The Court granted Windhover's request to conduct limited discovery. Docket No. 16.

On January 25, 2007, Roldan filed a Notice of Settlement in which he informed the Court that this action "has been fully and completely settled in all respects." Docket No. 26. Roldan also submitted a Settlement Agreement and Release signed by Roldan and Patricia Haas, the President of Windhover. Docket No. 26-2. Under the terms of the Settlement Agreement, Windhover will pay $51,500 in two separate allocations: 1.) $30,900 to Roldan, and 2.) $20,600 to Roldan's counsel. *Id.* at 1 - 2. The agreement further provides that Windhover must deliver checks for those amounts on or before March 19, 2007, and that if it fails to do so, "Roldan shall be entitled to recover from Windhover . . . his liquidated damages of $49,500 in addition to the $51,500 agreed to herein." *Id.* at 2.

On January 31, 2007, the Court ordered the parties to file a joint motion for approval of the settlement that explains why the Settlement Agreement is "a fair and reasonable resolution of a bona fide dispute" pursuant to *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1354 - 55 (11th Cir. 1982). Docket No. 27 at 2. The Court also ordered the parties to explain

why the amount of attorney's fees and costs to be paid is reasonable, and state whether Roldan's counsel will receive a portion of the $49,500 as fees and costs in the event that Windhover must pay the liquidated damages. *Id.*

On February 1, 2007, the parties filed their Joint Motion for Court Approval of Settlement Agreement (now before the Court) in which they jointly state that the terms of the Settlement Agreement "are a fair and full compromise of [P]laintiff's claims against Defendant" and that the "total amount paid by the Defendant is equal to the total overtime claimed by the Plaintiff is equal to the total overtime claimed by the Plaintiff in his Answers to Court Interrogatories." Docket No. 29 at 2. The parties ask that the Court approve the Settlement Agreement and dismiss the case with prejudice. Docket No. 29. On February 14, 2007, the parties filed a supplement to their joint motion in which they state that Plaintiff's counsel will not receive any portion of the $49,500 as fees and costs in the event that Windhover must pay liquidated damages. Docket No. 32 at 2. Plaintiff's counsel also submitted an affidavit in which he attests that the amount of fees and costs to be paid to him is based on a contigency fee agreement between Plaintiff and counsel in which Plaintiff agreed to pay forty percent of any recovery (although Plaintiff's counsel will still not receive any percentage of the liquidated damages). Docket No. 32-2.

**II.   THE LAW**

    **A.   Approval of Settlements**

Congress enacted the FLSA to protect workers from low wages and long hours that can result from the inequality in bargaining power between employers and employees. The FLSA, therefore, provides that "[a]ny employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid

overtime compensation, as the case may be. . . ." 29 U.S.C. §216(b). The FLSA's provisions are mandatory and, except in two narrow circumstances generally are not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). The two circumstances in which FLSA claims may be compromised are claims that are 1.) supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c) and 2.) when a court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b). *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

Before the Court may approve the settlement, it must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute. *Id.* at 1354-55. If a settlement in an employee FLSA suit does reflect "a reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. Where a plaintiff is offered full compensation on his FLSA claim, no compromise is involved and judicial approval is not required. *MacKenzie v. Kindred Hosp. East, L.L.C.*, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003).

In determining whether the settlement is a fair and reasonable resolution, the Court adopts the factors used in approving the settlement of class actions:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). When considering these factors, the Court should keep in mind the "strong presumption" in favor of finding

a settlement fair. *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir.1977). Moreover, the Court is aware, as the parties must also be, that a "settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution." *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 806 (3d Cir.1995), *citing Cotton*, 559 F.2d at 1330.

### B.    Awards of Reasonable Attorneys' Fees and Costs

An award of "reasonable attorneys' fee[s] . . . and costs" is mandatory under § 216(b) if the employer is held liable. Although the court is obligated to award the attorneys' fees, Congress's use of the word "reasonable" confers discretion upon the court to determine the amount of fees to be awarded. In determining the reasonableness of attorneys' fees pursuant to a fee-shifting statute, the lodestar generally is recognized as a reasonable fee. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).[1] The party seeking attorneys' fees bears the initial burden of submitting adequate documentation of the hours reasonably expended and of the attorney's qualifications and skill. *See Hensley v. Eckerhart*, 461 U.S. 424, 433, 437 (1983). Satisfactory evidence of the prevailing market rate "at a minimum is more than the affidavit of the attorney performing the work," and must address rates actually billed and paid in similar lawsuits. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).

In collective FLSA actions, the court has a duty to determine the reasonableness of the proposed attorneys' fees as part of the fairness determination. *See, e.g., Strong v. BellSouth Telecomms., Inc.*, 137 F.3d 844, 849-50 (5th Cir. 1998). This makes sense, as most settlements of

---

[1] The lodestar is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir.1988).

collective actions involve a lump sum settlement with an amount to be deducted for attorneys' fees. In such cases, it is necessary for the court to evaluate the overall fairness of the settlement and the benefit to the plaintiffs.

The FLSA does not require the court to assess the fairness of an agreed payment of attorneys' fees in settling an individual action. Indeed, the purpose of the fairness review is to ensure that an employer does not take advantage of an employee in settling his claim for wages, and not to ensure that the employee does not overcharge the employer. *See Lynn's Food Stores*, 679 F.2d at 1354. In an individual FLSA claim, where separate amounts are set forth for the payments of unpaid wages and payments for attorneys fees, the Court has greater flexibility in exercising its discretion in determining the reasonableness of the attorneys' fee.

The award of costs is made in accordance with 28 U.S.C. § 1920. *Goss v. Killian Oaks House of Learning*, 248 F. Supp. 2d 1162, 1169 (S.D. Fla. 2003). In an FLSA action, it is error for a district court to award costs in excess of those permitted by § 1920. *Glenn v. Gen. Motors Corp.*, 841 F.2d 1567 (11th Cir. 1988) (district court erred in awarding expert witness fees under §216(b) that exceeded the amount allowed by § 1920). Likewise, a district court must identify reasons for denying costs to a prevailing party so that the appellate court has some basis to review whether the district court acted within its discretionary power. *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995).

**III.   APPLICATION**

Roldan alleged that Windhover failed to pay him overtime wages for his work as a maintenance man from February 2004 through July 2006. Docket No. 1 at 2, ¶¶ 13, 15. Windhover denied these allegations and asserted that it was not subject to the FLSA's overtime provisions

because it was not engaged in commerce within the meaning of the FLSA. Docket No. 6. This case involves a bona fide dispute as to liability and the amount owed.

The parties have agreed to settle this case, and each party was independently represented by counsel. In terms of fairness of the Settlement Agreement, counsel were obligated to vigorously represent their clients' rights. Based on the amount to be paid to Roldan, there is no suggestion of collusion. Given the mandatory award of reasonable attorneys' fees pursuant to 29 U.S.C. § 216(b), early resolution of FLSA claims are encouraged and extensive discovery typically is unnecessary. Also, based on Windhover's affirmative defense, Roldan's probability of success on the merits was uncertain. The Court finds that settlement of the action in favor of certainty was fair and reasonable.

As part of their motion, the parties seek approval of the amount of attorney's fees under the terms of the Settlement Agreement. Roldan's counsel will receive almost half of the total settlement amount (assuming Windhover delivers the checks on or before March 19, 2007). The amount to be paid to Roldan's counsel is high, but comparing the amount of the Plaintiff's recovery to the attorneys' fees to be paid, however, the Court does not find that the amount of attorneys' fees is grossly excessive. *See, e.g., Goss*, 248 F. Supp. 2d at 1169 (denying attorney's fees of more than $16,000 when plaintiff recovered $316 in back wages). In addition, in this case, unlike other cases where the parties negotiate early settlement, the parties conducted limited discovery. The Court, therefore, finds it unnecessary to inquire into the reasonableness of the hourly rate charged by Plaintiff's counsel, and accepts the parties' stipulation as to the reasonableness of the breakdown of the Settlement Agreement and the amount to be paid to Roldan's counsel as attorney's fees and costs.

Therefore it is **RECOMMENDED** that:

1. The Joint Motion for Court Approval of Settlement Agreement [Docket No. 29] be **GRANTED**;

2. The Settlement Agreement [Docket No. 29-2] be approved;

3. The case be dismissed with prejudice; and

4. The Clerk be directed to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 14, 2007.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable John Antoon II
Counsel of Record
Unrepresented Party
Courtroom Deputy